## Dengler v. Ansman

*Paul S. Foreman,* for plaintiffs.
*Bruce Hoffman,* for defendant.

SMITH, *J.,* August 28, 1986—In Williams v. Patterson, 1448 C.P. Blair County 1985 (slip opinion May 6, 1986), we held that a plaintiff's workmen's compensation or no-fault carrier's files were discoverable by a defendant in a third party action. Defendant must submit his requests to plaintiff's counsel, who then must cull through the insurance carrier's files, disclosing requested information and listing objected to material in sufficient detail to permit the court to rule on its discoverability. At issue in this proceeding is the scope of that discovery.

Roxanne Dengler and Jeffrey A. Dengler, plaintiffs, have moved for a protective order, see Pa.R.C.P. 4012,* to prevent defendant Elizabeth J. Ansman from obtaining Roxanne Dengler's medical report or the identity of the doctor making such report.

The facts as set forth in plaintiffs' motion, disclose that Roxanne Dengler was injured in an automobile accident with defendant and filed a claim with her no-fault carrier, the Erie Insurance Group (Erie). Erie obtained a medical report from a doctor retained by them, in order to evaluate Roxanne

---

*Plaintiffs' motion, styled "Objection to Depositions," was filed after defense counsel scheduled depositions. We note that it would have been equally correct procedurally for defendant to move for sanctions, see Pa.R.C.P. 4019, upon plaintiffs' refusal to provide the requested information.

Dengler's no-fault claim. Defendant now seeks that medical report for her defense in the third party action.

The reports and records of a treating physician are discoverable just as is any other relevant evidence. Pa.R.C.P. 4010(b)(3). Reports, records, and opinions of expert witness physicians employed by a party but not expected to be called at trial are not discoverable, except by the procedure for exchange of reports of court-ordered examinations established by Pa.R.C.P. 4010(b), or upon a showing of exceptional circumstances. Pa.R.C.P. 4003.5(a)(3). The report of the no-fault carrier's medical examination of Roxanne Dengler fits neither category: the physician who examined her for Erie is not a treating physician, nor is he an expert retained by a party to this litigation but not expected to be called at trial.

The question now before us does not appear to have been addressed by any of the courts of this Commonwealth. We hold that the report of an independent medical examination of a plaintiff by an expert retained by his insurance carrier is not discoverable by a defendant in a third party action unless that expert is expected to be called as a witness at trial. Pa.R.C.P. 4003.3 provides that

"[s]ubject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his attorney, consultant, surety, indemnitor, insurer or agent."

For purposes of discovery, therefore, an insurance carrier's file is not only discoverable, but it is also discoverable subject to the same limitations imposed on discovery of the insured plaintiffs' trial preparation material by Pa.R.C.P. 4003.5(a)(3).

Since plaintiffs have averred that they do not intend to use the no-fault carrier's expert or his medical report at trial they are not required to disclose the physician's identity or report absent a showing of exceptional circumstances by defendant, such as an inability to obtain an independent medical evaluation of plaintiff.

### ORDER

And now, this August 28, 1986, it is ordered, directed and decreed that plaintiffs' objection to deposition are sustained and defendant's notice of deposition and subpoena duces tecum directed to Mr. Joseph A. Goda are stricken.